IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERAL DURANT HENDERSON,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-851-X-BH |
| | ) | |
| **CHEVRON,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs,* received April 21, 2023 (doc. 4)*,* should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On April 21, 2023, a 35-page handwritten was received from the *pro se* plaintiff. (*See* doc. 3.) He also sought leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.)  By *Notice of Deficiency and Order* dated April 25, 2023, he was notified that his complaint did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that [he was] entitled to relief," and he was ordered to submit a compliant amended complaint that identified his claims against the defendant within fourteen days.  (*See* doc. 6.)  He was also notified that his IFP application did not provide enough information for determination of whether IFP status was appropriate because it had not been fully completed, and he was ordered to either pay the full filing fee or file a fully completed and signed IFP application within fourteen days.  (*See id.*) He was specifically advised that a failure to do so could result in the dismissal of the case for failure to

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

prosecute or comply with court orders. (*See id.*)

Well more than fourteen days from the date of the notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint and either paid the filing fee or submitted a completed IFP application, and he has not filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not submitted a completed IFP application ordered. He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his IFP motion should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, the plaintiff has not submitted an amended complaint and either paid the filing fee or filed a completed IFP application with the required certificate of inmate trust account as ordered, despite a warning

that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

### IV. RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files an amended complaint and either pays the filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 12th day of June, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE